## Karr et al. v. Worley et al.

January 13, 1948.

J. B. Johnson, Judge.

302

B. B. Snyder for appellants.

Glenn H. Stephens for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

Appellants, L. A. and Cindia Karr, instituted this action against A. L. and Mary Worley to enjoin them from obstructing with a fence and garage a road, or passway, owned by appellants. The answer was a traverse followed by a plea that appellees have a paper title to the land upon which their fence and garage are located, also that they have been in the adverse possession of same for more than 30 years. The Worleys made no claim of ownership to the passway and only contend that they have a right to use it. No affirmative relief was sought by appellees and all they asked was that the petition be dismissed.

Upon hearing the proof taken by depositions, the chancellor adjudged that the Worleys had not encroached upon the northern boundary of the passway, which the court found to be S 46½ W (which should have been East) 18¼ poles; S 85 E 7½ poles; N 76 E 9¼ poles, and dismissed the petition.

In seeking to reverse the judgment the Karrs claim that the chancellor erred: 1. In granting appellees affirmative relief when none was asked. 2. In establishing the boundary of the passway only on one side, the north, and that he should have established it on the south as well as the north. 3. The judgment is not supported by the evidence. 4. Counsel for appellees asked many leading questions.

The Worley property abuts Highway No. 26 and the Karr property is a little to the south thereof and access is had to the Karr land by means of this passway, which is known in the record as King's coal road. Appellants obtained their property by deed of date Oct.

10, 1941, which conveyance calls for A. L. Worley's corner and appellants' line continues from that point "with Worley's line and said road to the pike." It is evident that this controversy is solved when the correct line is established from Worley's corner to the pike, since the northern boundary of the road, or passway, runs with Worley's line to the pike, or highway.

The parties to this litigation trace title to their respective lands from a common grantor, Mary A. Ford. On February 7, 1898, Mrs. Ford conveyed a 31 acre tract to J. D. Adkins, H. C. King and A. T. Siler (appellants' remote grantors). The following day, February 8th, Mrs. Ford conveyed 18 acres to A. J. Caddell (appellees' remote grantor). King's coal road was in existence at the time these deeds were executed and reference is made to it in the deed to Adkins, King and Siler and their line ran "with said coal road along the north side of the same; S 76½ W 9¼ poles to a sourwood; N 85 W 7½ poles; N 46½ W 18¼ poles to the center of the county road twelve feet from a black walnut." The deed Mrs. Ford executed the next day to Caddell called for the King & Adkins corner (Siler's name was not mentioned) and this identical line, in reverse, appeared therein.

In later years the draftsmen of the deeds through which the parties to this litigation obtained title became lazy and instead of writing out the calls of the line leading from the point where the two tracts corner and follow this road to the county road, now the highway, they substituted the expression "thence with King's coal road to the county road." Had these draftsmen not been sloven in their work, the probabilities are that this controversy never would have arisen because this record clearly shows that the correct line, from where these properties corner, leading to the county road runs with the King coal road S 76½ W 9¼ poles; N 85 W 7½ poles; N 46½ W 18¼ poles.

Appellants complain much about the chancellor adjudging that the call S 46¼ W (which should be East) 18¼ poles bounds this road on the north, and asked where he obtained it. It is obvious that he obtained this call from the early deeds conveying the lands now owned by these respective litigants. Appellants prac-

tically admit in their brief that if the line S 46½ E 18¼ poles is correct, the appellees' garage and fence do not encroach on this road, or passway. There can be no doubt that this is the correct line as shown by the early deeds to which reference has just been made. When J. C. Malan, the surveyor, ran this line it was found that the garage of appellees did not encroach upon the road.

It is manifest that the chancellor granted no affirmative relief to appellees. The question before him was whether or not appellees had encroached upon appellants' road, therefore the chancellor had first to locate the road before he could answer the question. He located the road when he decided that the northern boundary of it ran along Worley's line S 46½ W (which should have been East) 18¼ poles; S 85 E 7½ poles; N 76 E 9¼ poles. After establishing the north boundary of the road the chancellor adjudged that Worley had not obstructed it and dismissed appellants' petition. Certainly, it cannot be said that this was granting affirmative relief to appellees.

There is no merit in appellants' contention that the chancellor having established the northern boundary of this road, he should have established its southern boundary, as the road is supposed to be 18 feet wide. The only question before the chancellor was whether or not appellees had encroached upon the northern boundary of the road; hence he was not interested in fixing the southern boundary of the road, nor the width of the road.

While there is some conflict in the evidence, it cannot be said that it does not support the chancellor's finding. Indeed, the evidence greatly preponderates in favor of the judgment, since the early conveyances show the northern boundary of this road to be where the chancellor located it.

We cannot consider appellants' contention that much of the testimony given in behalf of appellees was adduced through leading questions, since appellants filed no exceptions thereto nor did they obtain the ruling of the chancellor thereon. An objection to evidence cannot be made for the first time in this court. To save an objection to incompetent evidence in an equity case,

one must file written exceptions thereto, obtain a ruling thereon from the chancellor and reserve exceptions to his ruling. Civil Code of Practice secs. 586-589; Chestnut v. Allen, 282 Ky. 703, 139 S. W. 2d 729, and authorities therein cited.

For the reasons given, the judgment is affirmed.

Judge Siler not sitting.